UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISEMOUNT PROPERTY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARTYJOYCE ILA STOKES; DNEAN STOKES-GUADAGNI; and RON ADCOCK; and DOES 1-10, <br><br> Defendants. | Case No.: 21-cv-431-WQH-JLB <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to Proceed *In Forma Pauperis* filed by Defendants MartyJoyce Ila Stokes, DNean Stokes-Guadagni, and Ron Adcock. (ECF No. 2).

**I.   BACKGROUND**

On January 7, 2021, Plaintiff Wisemount Property, Inc., filed a Complaint for unlawful detainer against Defendants MartyJoyce Ila Stokes, DNean Stokes-Guadagni, and Ron Adcock, and Does 1 through 10 in the Superior Court for the State of California, County of San Diego, assigned case number 37-2021-00000706-CL-UD-CTL. (ECF No.

1

1-2 at 1). Plaintiff alleges that it is the owner of real property in El Cajon, California. Plaintiff alleges that Defendants are foreclosure holdovers. Plaintiff alleges that it served Defendants with written notice to vacate the property, and Defendants refused to vacate the property. Plaintiff brings one claim against Defendants for unlawful detainer under California law.

On March 11, 2021, Defendants, proceeding *pro se*, removed the action to this Court based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1446 (ECF No. 1) and filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2). Defendants contend that the superior court order that allowed Plaintiff to acquire the property "was issued in violation of an automatic [bankruptcy] stay pursuant to 11 U.S.C. § 362 and was therefore, null and void . . . ." (ECF No. 1 at 3). Defendants further contend that the superior court order violated the Supremacy Clause and Defendants' rights under the Fourteenth Amendment to the United States Constitution.

## II.  DISCUSSION

The court has an independent duty to assess whether federal subject matter jurisdiction exists. *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The district court must remand a removed case if it lacks jurisdiction because subject matter jurisdiction may not be waived by the parties. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. "[T]he defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citing *Gaus*, 980 F.2d at

566). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[D]istrict courts [ ] have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (alteration in original). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987)).

In this case, Plaintiff brings one state law claim for unlawful detainer. No federal question is presented on the face of the Complaint. Defendants assert that the superior court order that allowed Plaintiff to acquire the property was "null and void" and violated 11 U.S.C. § 362, the Supremacy Clause, and the Fourteenth Amendment. (ECF No. 1 at 3). However, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court[.]" *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citation omitted). The Court does not have federal question jurisdiction over this case. Defendants do not allege that the Court has diversity jurisdiction. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *see also* ECF No. 1-1 at 1 (Defendants' Civil Cover Sheet indicating that Plaintiff and Defendants are citizens of California); ECF No. 1-2 at 1 (Complaint alleging that this is a limited civil case—the amount demanded does not exceed $10,000). The Court concludes that it lacks subject matter jurisdiction over this action.

///

///

## III. CONCLUSION

IT IS HEREBY ORDERED that this action is remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction to the Superior Court for the State of California, County of San Diego, where it was originally filed as case number 37-2021-00000706-CL-UD-CTL.

IT IS FURTHER ORDERED that the Motion for Leave to Proceed *In Forma Pauperis* filed by Defendants MartyJoyce Ila Stokes, DNean Stokes-Guadagni, and Ron Adcock (ECF No. 2) is denied as moot.

Dated: March 18, 2021

Hon. William Q. Hayes
United States District Court